UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONALD McMAHON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:18-CV-213-RLM-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Ronald McMahon, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing (ISP 18-01-113) at the Indiana State Prison on January 19, 2018, where a disciplinary hearing officer found him guilty of Use and/or Possession of a Cellular Telephone in violation of Indiana Department of Correction policy A-121. ECF 1 at 1. As a result, he lost 90 days earned credit time. Id.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy due

process, there must also be "some evidence" in the record to support the guilty finding. Superintendent, Mass Corr Inst. v. Hill, 472 U.S. 445, 455 (1985). Mr. McMahon argues there was insufficient evidence to find him guilty.

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. at 455-456. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Mr. McMahon was found guilty of violating IDOC offense A-121, which prohibits inmates from the "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Adult Disciplinary

Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report states:

On 1-8-18 at approximately 0927 I ofc Houston was shaking down CE 213 which houses offender McMahon 249559. Upon shakedown, I had found a white LG cellular telephone with charger located on offender's back shelf hidden in a black container under a napkin. Phone and charger w[ere] confiscated [sic] recorded as evidence and turned into IA locker #7.

ECF 1-1 at 1.

The hearing officer had enough evidence to find Mr. McMahon guilty of violating offense A-121. A conduct report alone can be enough to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. The conduct report provided sufficient evidence to support the hearing officer's finding because it describes in detail the discovery of the cell phone and charger in Mr. McMahon's cell on the back shelf of his cell, hidden in a black container under a napkin. There was more than "some evidence" for the hearing officer to find Mr. McMahon guilty of possessing a cell phone in violation of offense A-121.

Nevertheless, Mr. McMahon asserts there was insufficient evidence for the hearing officer to find him guilty because the evidence card indicated the cell phone and charger were found on January 18, 2018, ten days after the incident took place on January 8, 2018. In his petition, Mr. McMahon states:

> That while the conduct report indicates the incident took place on 1-8-2018, the evidence card in location 2 clearly says [the] article was found [on] 1-18-2018, ten days later. It is impossible to create a conduct report that has not yet occurred. The instructions on the back of the evidence card very specifically say that item 2 (or box 2) is to be filled in with the date the item was found. This discrepancy requires the conduct report be vacated and, as the evidence card is the legal chain of evidence, it cannot be altered after the fact.

The court's review of the relevant documents in the record establish that the cell phone and charger were found on January 8, 2018, the date the offense occurred. ECF 1-1 at 1, ECF 1-1 at 5. The conduct report, which was written on January 8, 2018, states: "Phone and charger w[ere] confiscated [sic] recorded as evidence and turned into IA locker #7." ECF 1-1 at 1. The Notice of Confiscated Property form indicates the phone and charger were found and confiscated from Mr. McMahon on January 8, 2018. To the extent Mr. McMahon alleges there is a discrepancy in the record as to the date the cell phone and charger were found, it was the hearing officer's job to resolve the discrepancy. Federal courts don't independently assess witness credibility or re-weigh the evidence in prison disciplinary cases. Supt. v. Hill, 472 U.S. at 455-456. In other words, it's not the court's role in a habeas corpus case to "assess the comparative weight of the evidence underlying the disciplinary board's decision." Webb v. Anderson, 224 F.3d at 652. The hearing officer's finding that Mr. McMahon was guilty was neither arbitrary nor unreasonable in light of the evidence in the conduct report. This ground doesn't state a basis for habeas corpus relief.

For these reasons, the petition is DENIED pursuant to Section 2254 Habeas Corpus Rule 4 and the clerk is directed to CLOSE this case.

SO ORDERED on June 14, 2018

    /s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT